FENNEMORE CRAIG, P.C.
Anthony W. Austin, Esq., NV Bar No. 10850
Kendall M. Lovell, Esq., NV Bar No. 15590
9275 W. Russell Rds., Suite 240
Las Vegas, NV 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: aaustin@fennemorelaw.com
Email: klovell@fennemorelaw.com

*Attorneys for Plaintiffs United Natural Foods West, Inc. and United Natural Foods, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>AFFINITY LIFESTYLES.COM, INC.,<br><br>Debtor<br>_____<br><br>UNITED NATURAL FOODS WEST, INC. and UNITED NATURAL FOODS, INC.,<br><br>Plaintiffs,<br>v.<br><br>REAL WATER, INC., AFFINITY LIFESTYLES.COM, INC., REAL WATER OF TENNESSEE, LLC, SENTINEL INSURANCE COMPANY, LIMITED, GREAT AMERICAN INSURANCE GROUP, PEERLESS INDEMNITY INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, and OHIO SECURITY INSURANCE COMPANY,<br><br>Defendants. | Civil Case No. 23-cv-01297-GMN<br><br>Received via Transmittal from Bankruptcy Case No. BK-S-21-14099-NMC<br><br>Chapter 7<br><br>Adv. Pro. No. 23-01106-NMC<br><br>Hon. Gloria M. Navarro |

### PLAINTIFFS' MOTION TO CONSOLIDATE RELATED PROCEEDINGS AND ESTABLISH COMBINED BRIEFING SCHEDULE, OR, IN THE ALTERNATIVE, TO STRIKE UNSERVED PAPERS

Plaintiffs United Natural Foods, Inc., and United Natural Foods West, Inc. (together, "UNFI"), by and through counsel, hereby submit this motion ("Motion") to request that the Court

consolidate this action with Civil Case No. 23-cv-00756-GMN-NJK and establish a combined briefing schedule for the matters at issue, or, in the alternative, to strike unserved papers. In accordance with LR 42-1(b), UNFI will file and serve this Motion in the above-captioned case and in the case with which consolidation is sought.

This Motion is based on the following Memorandum of Points and Authorities, all pleadings and papers on file, and any oral argument this Court may entertain.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.      INTRODUCTION**

1. This civil action ("Sentinel Proceeding") is before the Court for consideration of Sentinel Insurance Company, Limited's ("Sentinel") Motion for Withdrawal of Reference ("Sentinel Motion") filed in the above-captioned adversary proceeding ("AVP") and transmitted to this Court in accordance with Fed. R. Bankr. P. 5011(a).  UNFI is the Plaintiff of record in the AVP, and, as such, is the party against whom relief is sought in the Sentinel Proceeding.  However, UNFI has not been served with the Sentinel Motion and has yet to receive any notice or due process in connection with the Sentinel Proceeding.  UNFI was informed of the pendency of the Sentinel Proceeding only by a second-hand reference to the case number in the notice of transmittal form of a separate Motion to Withdraw the Reference ("Liberty Motion") filed in the AVP on September 12, 2023 by Defendants Ohio Security Insurance Company, Peerless Indemnity Insurance Company, and West American Insurance Company (collectively, "Liberty").  UNFI was also not served with the Liberty Motion but was notified of the assignment of that motion to Civil Case No. 23-cv-00756-GMN ("Liberty Proceeding") by email sent by counsel for Liberty on or about September 28, 2023.

2. UNFI submits that the Liberty and Sentinel Motions may be stricken due to lack of service, and that any decision made thereon is subject to vacatur unless and until service is effectuated. *See* LR 5-1(b).  Nonetheless, for the convenience of the Court and the parties, because

the Liberty and Sentinel Motions are substantively indistinguishable, UNFI respectfully requests that the Court consolidate the Sentinel and Liberty Proceedings and establish a common briefing schedule whereby UNFI may oppose, and the Court may consider, the Liberty and Sentinel Motions simultaneously. To the extent the Court grants relief as requested herein, UNFI will waive formal service of the Sentinel and Liberty Motions.

## II.  BACKGROUND

UNFI's Adversary Proceeding

3.     UNFI commenced the AVP against the above-captioned consolidated debtors ("Consolidated Debtors") and various of the Consolidated Debtors' insurers, including Sentinel and Liberty, seeking declaratory relief from the Bankruptcy Court on the basis of its December 21, 2021 order ("Consolidation Order") substantively consolidating the Consolidated Debtors' bankruptcy estates for all purposes. [Bankr. Case No. BK-S-21-14099-NMC ("Main Case"), E.C.F. No. 99] Among other things, the AVP requests that the Bankruptcy Court clarify the effect of the Consolidation Order as to the rights and interests of the Consolidated Debtors and UNFI, including with respect to certain insurance policies issued by Sentinel and Liberty that constitute property of the Consolidated Debtors' bankruptcy estate.

Sentinel's Motion to Withdraw the Bankruptcy Reference

4.     Sentinel filed the Sentinel Motion [AVP, E.C.F. No. 19] on or about August 9, 2023 seeking permissive withdrawal under 28 U.S.C. § 157(d) on the basis that (1) the AVP in part requires adjudication of the parties' private contractual rights under the relevant insurance policies; (2) those issues are "noncore" and so cannot be finally adjudicated by the Bankruptcy Court; and (3) consequently, judicial economy and other factors articulated in *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993) support permissive withdrawal of the bankruptcy reference.

5.     The Sentinel Motion was assigned to this Court under the above-captioned civil case

number ("Sentinel Case Number") on or about August 11, 2023.  However, UNFI never received any notice regarding the Sentinel Case Number and was never served with the Sentinel Motion as docketed in this case, informally or otherwise.  The operative notice of transmittal ("Sentinel Transmittal") entered in the Bankruptcy Court and served on the parties contains only the following reference to a District Court case number: "Withdrawal of Reference Filed in the Same Bankruptcy Case or in a Related ADV Case[:] 23-cv-00756." [AVP, E.C.F. No. 25].  Insofar as that case number purports to notify the parties of the District Court case in which papers related to the Sentinel Motion must be filed, it is incorrect.  That case number was then associated only with a previous Motion to Withdraw the Reference filed on or about May 12, 2023 in *another* adversary proceeding filed in the Main Case to which UNFI is not and has never been a party. *See* Civil Case No. 23-cv-00756-GMN, Dkt. 1 (motion to withdraw the reference in "Adv. Proc. No.: 23-01082-NMC").[1]

6.  On or about August 16, 2023, counsel for UNFI contacted the clerk's office for the Bankruptcy Court ("Clerk's Office") to inquire as to whether the Sentinel Motion had yet been docketed in the District Court, given that the Sentinel Transmittal appeared only to refer to a previous, unrelated motion to withdraw the bankruptcy reference.  The Clerk's Office informed counsel that the case number set forth in the Sentinel Transmittal was, as suggested, merely a reference to previous withdrawal of the reference motions filed in connection with the Main Case, and that a subsequent notice would be entered in the AVP when a District Court case number was assigned to the Sentinel Motion.  However, no such notice was ever entered in the AVP, and there is nothing docketed in the AVP suggesting that the Sentinel Motion had been assigned to the Sentinel Case Number or had been docketed in the District Court.  It seems, therefore, that UNFI

---

[1] The Liberty Motion was subsequently docketed under 23-cv-00756 on or about September 13, 2023, as described below. But at the time of the Sentinel Transmittal, that case number only included filings regarding a motion to withdraw the reference in an adversary proceeding unrelated to UNFI's AVP. *See* BK. ADV. Case No. 23-01082-NMC.

4

could expect to receive notice of the Sentinel Proceeding only from Sentinel itself, but Sentinel made no effort to that effect.[2] UNFI has consequently received no electronic notices as to filings in the Sentinel Proceeding and, but for a courtesy notice provided by Liberty, as described below, UNFI would have remained justifiably ignorant of its pendency.

Liberty's Motion to Withdraw the Bankruptcy Reference

7. On or about September 12, 2023, Liberty filed the Liberty Motion, seeking permissive withdrawal of the bankruptcy reference on grounds substantively identical to those asserted in the Sentinel Motion: that certain of UNFI's claims in the AVP require adjudication of contract rights under relevant insurance policies; that those claims are "noncore"; and the factors articulated in *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993) support permissive withdrawal of the bankruptcy reference. A notice of transmittal for the Liberty Motion ("Liberty Transmittal") was entered in the AVP on September 13, 2023; the Liberty Transmittal contains only the following reference to any District Court case numbers: "Withdrawal of Reference Filed in the Same Bankruptcy Case or in a Related ADV Case[:] 23-cv-00756-GMN; 23-cv-01297-GMN[.]" [AVP, E.C.F. No. 75].

8. On or about September 28, 2023, counsel for Liberty sent an email ("September 28 Email") notifying UNFI that the Liberty Motion had been docketed in the district Court and attaching courtesy copies of the Liberty Motion as docketed (which reflected that the Liberty Proceeding had been assigned to the case number 23-cv-00756, which was previously referenced in the Sentinel Transmittal). UNFI was not otherwise served with the Liberty Motion or notified regarding the Liberty Proceeding. The September 28 Email was the first indication that the Sentinel and Liberty Motions had been docketed in the District Court without a corresponding entry in the

---

[2] Notably, Sentinel has not filed any certificate or other proof of service as to *any* party in the Sentinel Proceeding.

Bankruptcy Court or any other notice being provided to UNFI. (Again, given that UNFI was not added as party by Liberty in the Liberty Proceeding, UNFI has received no electronic or other notice of any filings therein.[3])

9. Based the new information revealed in the September 28 Email, UNFI was able to deduce the Sentinel Case Number from the reference in the Liberty Transmittal to 23-cv-01297 as a "Withdrawal of Reference Filed in the Same Bankruptcy Case or in a Related ADV Case." It remains unclear whether that language is designed to notify the parties of previous, and potentially unrelated, withdrawal of the reference motions, or whether it purports to refer to the case number where the operative motion will be considered. In the case of the Liberty Transmittal, one of the case numbers so referenced, 23-cv-00756, did describe the operative Civil Case for the Liberty Motion. But the Sentinel Transmittal also listed that case number, in apparent reference to the previous, unrelated withdrawal of the reference motion docketed under that case number. There is nothing in the Liberty Transmittal to suggest that its citation to 23-cv-00756 did not refer to the same, unrelated proceeding referenced in the Sentinel Transmittal.[4]

10. Accordingly, UNFI submits this Motion to bring the foregoing points of confusion to the Court's attention, and, for the convenience of the Court and the parties, to request relief clarifying the record and streamlining these proceedings, as described below.[5]

### III.  ARGUMENT

---

[3] A certificate of service was addended to the Liberty Motion, but it does not attest to service on UNFI. *See* Liberty Motion, p. 23.

[4] UNFI presumes that the Liberty Motion was docketed under the same case number as the previous, unrelated motion to withdraw the reference, because that previous motion was also filed by Liberty, albeit in a different adversary proceeding to which UNFI is not a party.

[5] Following the September 28 Email, UNFI reached out to counsel for Liberty to inquire as to whether the latter was amenable obtaining this relief by way of a three-way stipulation with Sentinel, but UNFI has not received a response.

6

**A. The Sentinel and Liberty Motions May be Stricken Due to Lack of Service.**

11.     Under LR 7-2(a) all motions must be "served on all other parties who have appeared." Moreover, formal paper service is required "[w]hen the document is a summons, complaint, petition, *or other document initiating a civil case*." (emphasis added).  Here, neither the Sentinel Motion nor the Liberty Motion have ever been served on UNFI as docketed in the District Court.  To the extent Liberty's September 28 Email could be construed as affording UNFI notice (at least of the Liberty Proceeding), service must still be effectuated formally because the Liberty Motion constitutes a document initiating a civil case.[6]

12.     Accordingly, the Liberty and Sentinel Motions constitute unserved papers that may be stricken, and any decision thereon may be vacated unless and until service is effectuated.  LR 5-1(b) ("Either on its own initiative or on a motion by a party, the court may strike an unserved paper or vacate any decision made on an unserved paper.").  Nonetheless, for the convenience of the Court and the parties, UNFI will agree to waive formal service of the Liberty and Sentinel Motions if relief is afforded as described below.

**B. The Liberty and Sentinel Proceedings involve a Common Question of Law and Fact and So Should Be Consolidated and a Combined Briefing Schedule Should be Established.**

13.     "Under Fed. R. Civ. P. 42(a), if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  LR 42-1(b).  As described above, the Sentinel and Liberty Motions involve common, if not identical, questions of law and fact.  Both motions depend on the assertion that, because the AVP will in part

---

[6] UNFI nonetheless appreciates Liberty's courtesy providing the foregoing notice, without which UNFI would have remained in the dark about the Liberty and Sentinel Proceedings.

involve an adjudication of rights and obligations under the relevant insurance policies, some of the issues in the AVP are noncore and, as such, the AVP is subject to the test for permissive withdrawal set forth under *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993).

14. These factors include (1) whether the AVP involves noncore claims; (2) whether the forum serves the interests of judicial economy and convenience; (3) which forum promotes the uniformity and efficiency of bankruptcy administration; (4) which forum prevents forum shopping and confusion; and (5) whether the parties are entitled to a jury trial and have requested one. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (*citing In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). All these factors entail high-level, forum-specific analyses that will be identically applied to the Liberty and Sentinel Motions. Accordingly, UNFI submits that judicial economy and convenience clearly favor consolidating the Liberty and Sentinel Proceeding and allowing the parties to litigate these identical issues in accordance with a combined briefing schedule.

15. To the extent the court is inclined to grant this relief, UNFI proposes that it be entitled to submit a single opposition as to both the Sentinel and Liberty Motions, and that the deadline to file and serve that opposition be set twenty-one (21) days from the date of entry of the order granting the relief requested in this Motion. The deadline for Sentinel and Liberty to file and serve replies in support of their respective Motions can be set seven (7) days after UNFI's motion is filed, or by such other deadline as the Court deems just and proper.

## **CONCLUSION**

16. For the foregoing reasons, UNFI respectfully requests that the Court enter an order ("Order") (1) consolidating the Sentinel and Liberty proceedings; (2) to the extent necessary, permitting UNFI to file a single opposition ("Opposition") to the Sentinel and Liberty Motions; (3) setting the deadline for UNFI to file the Opposition as twenty-one (21) days from the entry of the

Order; and (4) setting the deadline for Sentinel and Liberty to file replies (or a single, combined reply, should they wish to do so) as 7 days from the filing of the Opposition (or such other deadline as the Court deems just and proper).

17. Alternatively, should the court not be inclined to grant the foregoing relief, UNFI respectfully requests that the Liberty and Sentinel Motions be stricken in accordance with LR 5-1(b).

DATED:  October 5, 2023

FENNEMORE CRAIG, P.C.


By: /s/ *Anthony Austin*
Anthony W. Austin, Esq.,  NV Bar No. 10850
Kendall M. Lovell, Esq., NV Bar No. 15590
9275 W. Russell Rds., Suite 240
Las Vegas, NV 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: aaustin@fennemorelaw.com
Email: klovell@fennemorelaw.com
*Attorneys for Plaintiffs United Natural Foods West, Inc. and United Natural Foods, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify this document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), (2) was sent by email to Jason A. Benkner at jbenkner@pooleshaffery.com; Bart K. Larsen at blarsen@shea.law; Louis M. Buballa III at lbubala@kcnvlaw.com; and Daniel B. Heidtke at dbheidtke@duanemorris.com; and (3) was sent by first-class mail to the following parties on October 5, 2023.

/s/      Gidget Kelsey

1  Sentinel Insurance Company, Limited
   c/o Louis M. Bubala, III
2  Kaempfer Crowell
   50 W. Liberty St., Ste 700
3  Reno, NV 89501

4
   Ohio Security Insurance Company;
5  Peerless Indemnity Insurance Company;
   West American Insurance Company;
6  c/o Dominica C. Anderson
   100 North City Parkway
7  Suite 1560
   Las Vegas, NV 89106
8
9  Great American Insurance Group
   c/o Bart K. Larsen
10 Shea Larsen PC
   1731 Village Ctr Cr, Ste 150
11 Las Vegas, NV 89134

12
   Real Water of Tennessee, LLC
13 c/o Jason A. Benkner
   Poole Shaffery, LLP
14 25350 Magic Mountain Parkway
   2nd Floor
15 Santa Clarita, CA 91355

16
   AFFINITYLIFESTYLES.COM, INC.
17 Real Water, Inc.
   Real Water of Tennessee, LLC
18 c/o Brent Jones
   18603 Legend Oaks Dr.
19 Magnolia, TX 77355

20

21

22

23

24

25

26

27

28

10